# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PHILLIP A. DAVIS <br>  Plaintiff, <br><br> v. <br><br> SIGNAL INTERNATIONAL, LLC, SIGNAL INTERNTIONAL TEXAS, LP and SIGNAL INTERNATIONAL TEXAS GP, LLC <br>  Defendants. | § § § § § § § § § § | CIVIL ACTION NO. 2-10-cv-62-TJW |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Motion to Compel [Dkt. No. 22]. The Court considered the arguments and relevant law and DENIES the motion. The Court previously denied Defendant's motion for summary judgment and the relevant background information is repeated below.

Plaintiff brings this action for wrongful termination under the Worker adjustment Retraining and Notification Act, 29 U.S.C. § 2101, *et seq* ("the WARN Act"). The Warn Act applies to employers of 100 or more employees who reduce their labor force during a 30-day period by 33% or at least 50 full-time employees. 29 U.S.C § 2101(1)–(3). The loss of employees must occur at a single site of employment. *Id.* at § 2101(3).

Mr. Davis was employed in the administration building at 905 Pier Road in Orange, Texas and includes within his count of 50 lost jobs those employees that were working in the fabrication yard at 91 Front Avenue in Orange, Texas. The parties dispute whether the fabrication yard and administration building, which are separated by one mile, are both part of a single site of employment. Whether the two facilities are part of a single site of employment will depend upon specific facts about the locations, such as whether the two sites share management, share payroll

personnel, operate to fill the same contracts, have common employees, or other facts tending to show that they operate as a single site of employment. *See Brewer v. Am. Power Source, Inc.*, 291 Fed.Appx 656, 659 (5th Cir. 2008) (reversing a denial of summary judgment where two plants were 40 miles apart in two different states constituted a single site of employment because they "manufacture the same uniforms to fulfill the same contract, and share management and payroll personnel . . . [and] the Columbus plant was an expansion of Fayette's facilities").

Plaintiff seeks production of documents and information relating to the employment and termination of employees at the fabrication facility. Consistent with the Court's order denying summary judgment, this information may become relevant if Plaintiff can show that the fabrication yard and administration building constitute a single site of employment for the purposes of the WARN act. Also consistent with the Court's order denying summary judgment is the inescapable conclusion that information about the nature of the two facilities is relevant and must be produced. All relevant documents and information are ordinarily required to be produced, in accordance with Paragraph 3 the Court's standard discovery order, within 45 days after the scheduling conference. The Court will grant additional time to Defendant to comply with the initial disclosure requirement in light of the dispute as to the scope of disclosure that is required.

To be clear, Defendant is ORDERED produce to Plaintiff within 30 days of this order all documents and tangible things that would tend to show specific facts about the operation of the two facilities, including but not limited to whether the two facilities share managerial and support staff such as janitors, security guards, health and safety personnel, payroll staff, and maintenance staff; whether the two facilities share capital equipment; the extent to which the two facilities operate in tandem or separately to fulfill contracts; and the degree of control that the administration

building exerts over the fabrication yard. Defendant is furthermore directed to allow Plaintiff to conduct discovery consistent with the scope of relevance outlined above.

Only upon a showing that the two facilities are to be treated as a single site of employment for the purposes of the WARN Act will Plaintiff be entitled to the records requested in this motion to compel. The Court DENIES the motion without prejudice to refilling.

It is SO ORDERED.

SIGNED this 16th day of July, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE