UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PHILLIP A. DAVIS | § | |
| | § | |
| vs. | § | CASE NO. 2:10-CV-62-TJW-CE |
| | § | |
| SIGNAL INTERNATIONAL, LLC, et al. | § | |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

Pending before the court is defendants' Signal International, LLC, Signal International Texas, LP and Signal International Texas GP, LLC ("Defendants") motion to transfer venue (Dkt. No. 39). Defendants contend that the Beaumont Division of the Eastern District of Texas is a more convenient forum than the Marshall Division of the Eastern District of Texas and, thus, seek to transfer venue pursuant to 28 U.S.C. § 1404(a). The court, having considered the venue motion and the arguments of both parties, GRANTS Defendants' motion to transfer venue because the balance of the "private" and "public" *forum non conveniens* factors demonstrate that the transferee venue is "clearly more convenient" than the venue chosen by Plaintiff. *See In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

**II.    Factual and Procedural Background**

On February 24, 2010, Plaintiff Phillip A. Davis ("Plaintiff") filed suit against Defendants for alleged violations of the Worker Adjustment Retraining and Notification Act, 29 U.S.C. § 2101, *et seq.* (the "WARN Act"). Plaintiff's allegations arise from two rounds of layoffs that occurred in August and September 2009 at Signal International, LLC's ("Signal") facilities in Orange, Texas, which is within the Beaumont Division of the Eastern District of Texas.

1

## III. Legal Standard

Change of venue is governed by 28 U.S.C. § 1404(a). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). But a motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Volkswagen II*, 545 F.3d at 315.

The threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. *Id.* In making the convenience determination, the Fifth Circuit considers several "private" and "public" interest factors, none of which are given dispositive weight. *Id.* The "private" interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. The "public" interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Volkswagen II*, 545 F.3d at 315.

**IV.     Analysis**

The court will first address Defendants' argument that, under the WARN Act, venue is proper only in the division where the alleged wrong occurred or in the division where the employer "transacts business" – i.e., the Beaumont Division.  The WARN Act provides that a suit must be brought "in any *district* court of the United States for any *district* in which the violation is alleged to have occurred, or in which the employer transacts business." 29 U.S.C. § 2104(a)(5) (emphasis added).  Contrary to Defendants' contentions, this provision does not require a person seeking to sue under the WARN Act to bring suit in the *division* closest to the location where the alleged violation took place and/or the *division* where the employer transacts business.  Rather, it requires a person to sue in the appropriate *district* and makes no mandate requiring a person to sue in a specific division within that district.  Here, there is no dispute that the alleged wrong took place in the Eastern District of Texas and, as such, venue is proper in the Marshall Division of the Eastern District of Texas.

**A.     Proper Venue**

Plaintiff does not dispute that it could have originally filed suit in the Beaumont Division. Because venue would have been proper in the Beaumont Division of the Eastern District of Texas, the court will examine the § 1404(a) *forum non conveniens* factors.

**B.     Private Interest Factors**

*1.     Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the first "private" interest factor to consider.  Defendants contend that all of the relevant documents in this case are located in Orange, Texas, which is within the Beaumont Division of the Eastern District of Texas.  In response, Plaintiff argues that Defendants fail to identify specifically the documents and other

sources of proof to which they are referring and explain the relevance of the documents in detail. As such, Plaintiff argues that the Defendants have not provided the court with sufficient evidence to conduct its venue analysis.

Considering that the layoffs at issue in this case occurred at the Defendants' facility in Orange, Texas, it is most likely that many relevant documents will be located in Orange, Texas. These documents would have to be transported an extra 160 miles if this case is maintained in the Marshall Division as opposed the Beaumont Division. Furthermore, Signal International's corporate headquarters are in Mobile, Alabama and Defendants state that at least some of the documents relevant to this case are located at this headquarters. These documents will have to be transported an extra 66 miles if this case is maintained in the Marshall Division as opposed to the Beaumont Division. Considering that the sources of proof in this case are located closer to the Beaumont Division of the Eastern District of Texas, the court concludes that this factor favors transfer to the Beaumont Division.

### 2. *Availability of Compulsory Process*

The next "private" interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. A venue that has "absolute subpoena power for both deposition and trial" is favored over one that does not. *Volkswagen II*, 545 F.3d at 316. Rule 45 of the Federal Rules of Civil Procedure limits the court's subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Id.*

Defendants argue that all the key witnesses in this case are likely located within 100 miles of the Beaumont Division. According to Defendants, since Plaintiff's class action complaint alleges that terminations in Orange, Texas violated the WARN Act, any additional plaintiffs that should join the lawsuit are likely to reside in and around Orange, Texas.

Furthermore, Defendants contend that any individuals involved in the HR and management decisions are located in Orange, Texas or Mobile, Alabama. Thus, considering that Orange, Texas is only 26 miles from Beaumont, Texas, Defendants argue that if this case is transferred to the Beaumont Division, the Beaumont court will have absolute subpoena power over witnesses that this court would not.

Although the court notes that Defendants have failed to identify the specific additional plaintiffs they argue will likely be located in Orange, Texas, the court agrees with Defendants that, in all likelihood, there will be additional plaintiffs in this class action lawsuit that reside in and around Orange, Texas. But Defendants fail to recognize that these additional plaintiffs will not be non-party witnesses and, as such, will not be entitled to the protections provided for non-party witnesses in Rule 45. Furthermore, Defendants have produced no evidence indicating that its employees involved in the HR and management decisions at issue in this case are non-party witnesses. Hence, considering that Defendants' have failed to identify any non-party witnesses that would be subject to the absolute subpoena power of only the Beaumont Division, the court finds this factor to be neutral.

### 3. *Cost of Attendance for Willing Witnesses*

Next, the court must weigh the cost for witnesses to travel to and attend trial in the Marshall Division versus the Beaumont Division. The Fifth Circuit has explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*Volkswagen I*, 371 F.3d at 205. Although the court must consider the convenience of both the party and non-party witnesses, "it is the convenience of non-party witnesses…that is the more

5

important factor and is accorded greater weight in a transfer of venue analysis." *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 775 (E.D. Tex. 2000); *see also id.* at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 765-66 (E.D. Tex. 2009).

Defendants make the same arguments with regard to this factor as those made with regard to the availability of compulsory process factor. Essentially, they argue that the convenience of party witnesses will be greatly reduced if this case is transferred to the Beaumont Division because the witnesses most likely reside in and around Orange, Texas and/or Mobile, Alabama. Defendants, however, again fail to identify any non-party witnesses that will be less inconvenienced if this case is transferred to the Beaumont Division. In response, Plaintiff argues that Defendants provide only conclusory allegations that the party witnesses it identifies are key witnesses with information relevant to the issues in this case.

Although the court agrees with Plaintiff that the Defendants' showing is conclusory, the court cannot ignore the fact that most of the categories of party witnesses identified by Defendants will almost certainly provide testimony relevant to the issues in this case. The additional plaintiffs residing in and around Orange, Texas that will be identified during the course of this class action law suit will have to travel an extra 160 miles to attend trial in the Marshall Division as opposed to the Beaumont Division. Furthermore, the employees involved in the HR and management decisions at Defendants' Mobile, Alabama facility will have to travel an extra 66 miles to attend trial in the Marshall Division as opposed to the Beaumont Division. Considering this, the court concludes that this factor weighs in favor of transfer to the Beaumont Division.

### *4.     Other Practical Problems*

Practical problems include issues of judicial economy. The Fifth Circuit, as well as other circuits, has emphasized that a party should not delay filing of a motion to transfer. *In re Wyeth*, 406 Fed. Appx. 475, 477 (Fed. Cir. 2010); *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); *McGraw–Edison Co. v. Van Pelt*, 350 F.2d 361, 364 (8th Cir. 1965). In *Peteet*, the Fifth Circuit stated that "[p]arties seeking a change of venue should act with 'reasonable promptness.'" *Peteet*, 868 F.2d at 1436. "Without reasonable promptness on the part of the movant, a case proceeds, requiring the court to expend time and effort that might become wasted upon transfer." *Wyeth*, 406 Fed. Appx. at 477.

This case is not in its infancy, and has had a protracted litigation history. Plaintiff filed this lawsuit on February 24, 2010, and Defendants answered on March 30, 2010. Defendants however, did not broach the subject of filing a motion to transfer venue until June 7, 2010 – more than two months after they filed their answer. Although Defendants first brought the issue of transfer to the court's attention on June 7, 2010, Defendants did not actually file their motion until November 2, 2010. The court, however, will not consider the time from June 7, 2010 to October 7, 2010 in its promptness analysis because, during the June 7, 2010 scheduling conference, it was the court's understanding that Plaintiff agreed that it would not argue that circumstances during this time period would prejudice Defendants' right to file the instant motion. Plaintiff agreed to this delay in filing so as to facilitate initial document discovery and settlement discussions. Defendants did not, however, immediately file their motion to transfer venue upon learning that settlement negotiations in this case had dissolved – i.e., on or before October 7, 2010. Rather, Defendants continued to delay filing their motion until November 2, 2010.

Furthermore, during the five months between the date Defendants first mentioned transfer and the date on which they actually filed their motion, the parties began discovery in this case, including filing a motion to compel the production of documents. Furthermore, Defendants filed a motion for summary judgment. The court ruled on both of these motions, including issues surrounding Defendants' compliance with certain of the court's orders. As such, the court is now familiar with the issues that are presented in this case.

In conclusion, considering that the court is now familiar with the issues to be litigated in this case, the court concludes that this factor weighs against transfer.

### C. Public Interest Factors

#### 1. Court Congestion

In its § 1404(a) analysis, the court may consider how quickly a case will come to trial and be resolved. Defendants argue that this court's docket is significantly more congested than that of the Beaumont Division and that the congestion of this court's docket weighs in favor of transfer.

First, the court notes that "the real issue is not whether [transfer] will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (quoting *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir.1984)). Considering that this court has already ruled on Defendants' motion for summary judgment and numerous discovery issues, it is more reasonable to assume that this court's familiarity with this case will allow it to bring this case to its resolution in a quicker time frame than the Beaumont Division. This factor, however, is the most speculative, and therefore, the court finds it to be neutral. *Id.*

8

## 2. *Local Interest*

The court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Interests that "could apply virtually to any judicial district or division in the United States" are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318.

Defendants argue that this factor weighs in favor of transfer because this class action lawsuit arises out of layoffs that occurred in Defendants' Orange, Texas facility. As such, Defendants argue that the case involves the local employment practices of a major employer in the Beaumont area – an issue in which the citizens of the Beaumont area would have a particularized interest. In contrast, Defendants argue that they have no facilities in or around the Marshall Division and that they do not have a single employee that resides in the Marshall Division. In fact, Defendants note that Plaintiff did not even reside in the Marshall Division when he was employed by Defendants and does not presently reside in the Marshall Division. Accordingly, Defendants argue that the Marshall Division has no connection to this lawsuit.

Considering that the layoffs at issue in this lawsuit occurred at Defendants' Orange, Texas facilities (only 26 miles from Beaumont, Texas) and that Defendants have no operations in or near Marshall, Texas, the court agrees with Defendants that the Beaumont Division has a stronger public interest in the outcome of this litigation than does the Marshall Division. As such, the court concludes that this factor weighs in favor of transfer to the Beaumont Division of the Eastern District of Texas.

### 3. Familiarity with the Governing Law

One of the "public" interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. Both the Marshall Division and the Beaumont Division are familiar with the applicable law, and thus this factor is neutral.

### 4. Avoidance of Conflict of Laws

No conflict of laws issues are expected in this case, so this factor does not apply.

## V. Conclusion

Considering all of the "private" and "public" interest factors, Defendants have met their burden to show that the Beaumont Division of the Eastern District of Texas is "clearly more convenient" than the Marshall Division of the Eastern District of Texas. Three of the factors weigh in favor of transfer, while only one weighs against transfer. On balance, and although it is a close call, Defendants' motion to transfer venue is GRANTED.

SIGNED this 17th day of June, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE