**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **PHILLIP A. DAVIS,** | § |
| *Plaintiff*, | § |
| | § |
| v. | §  CIVIL ACTION No. 1:11-CV-300-RC |
| | § |
| **SIGNAL INTERNATIONAL TEXAS GP, LLC; SIGNAL INTERNATIONAL LLC; and SIGNAL NTERNATIONAL TEXAS, LP,** | § |
| *Defendants*. | § |

**PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW** PHILLIP A. DAVIS and BYRON DAY, on behalf of themselves and on behalf of all others similarly situated, and respectfully file this Second Amended Class Action Complaint for relief against Defendants SIGNAL INTERNATIONAL, LLC, SIGNAL INTERNATIONAL TEXAS, LP and SIGNAL INTERNATIONAL TEXAS GP, LLC and allege, based on personal knowledge as to the Plaintiffs, and upon information and belief as to all other matters as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction over the subject matter of this action under 28 U.S.C.§ 1331 and the Worker Adjustment and Retraining Act ("WARN Act") pursuant to 29 U.S.C. § 2102, 2104(a)(5).

2. Venue is proper in the Eastern District of Texas Marshal Division under 28 U.S.C.§ 1391(b) and c), and  § 2104(a)(5) because Defendants do business in this district, the acts constituting violations of the WARN Act complained of occurred and the claim arose in this district, in addition Plaintiffs resides in the Eastern District of Texas.

**PARTIES**

3. Plaintiff Phillip A. Davis is a resident of Texas, residing in the Eastern District of Texas.

4. Plaintiff Byron Day is a resident of Texas, residing in the Eastern District of Texas.

5. Defendant, Signal International Texas GP, LLC is a foreign corporation authorized to conduct business in Texas.  Signal International Texas GP, LLC  may be served through its registered agent:  CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

6.  Defendant, Signal International Texas, LP is a foreign partnership authorized to conduct business in Texas.  Signal International Texas, LP  may be served through its registered agent:  CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

7.  Defendant, Signal International, LLC is a foreign corporation authorized to conduct business in Texas.  Signal International, LLC  may be served through its registered agent:  CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

8. Defendants Signal International Texas GP, LLC, Signal International Texas, LP, and Signal International, LLC (collectively "Defendants"), are a single employer in that, based on information and belief, they share common ownership, corporate directors and officers, and corporate headquarters.  Defendants have fully integrated and interdependent business operations and share personnel policies that emanate from a common source.

## FACTS

9.  Plaintiff Phillip Davis was employed full time as the purchasing manager for Defendants at their Orange, Texas facility.

10.  Plaintiff Byron Day was employed full time as a pipefitter for Defendants at their Orange, Texas facility.

11.  During the months of July 2009, August 2009, and September 2009, Defendants terminated various employees.  Plaintiffs were terminated during the applicable time period.

12.  Plaintiffs, and all other similarly situated persons, were terminated by Defendants during the months of July 2009, August 2009, and September 2009, and did not receive the notice require by the WARN Act.

## CLASS ACTION ALLEGATIONS

13. Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act 29 U.S.C. § 2104(a)(5).

14. Plaintiffs bring this action on behalf of themseves and all other similarly situated employees. Plaintiffs seek to represent a Class initially defined as: "All employees who worked at or reported to Defendants' facilities located at 905 Pier Road, Orange, Texas, or 91 West Front Street, Orange, Texas, and were terminated without cause as the reasonable foreseeable consequence of a mass layoff ordered by Defendants in the 90 days starting July 24, 2009, and who are affected employees within the meaning of 29 U.S.C. 2101(a)(5)."

15. Plaintiffs and class members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act at 29 U.S.C. § 2101(a)(5) and (6).

16. Plaintiffs' claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

17. The members of the class exceed 100 in number, and joinder is therefore impracticable. The precise number of class members and their addresses are readily determinable from the books and records of Defendants.

18. There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendants' actions include, but are not limited to, the following:

    a. Whether the provisions of the WARN Act apply;

    b. Whether Defendants' employee terminations during the months of July 2009, August 2009, and September 2009, constitute a "plant closing", "termination", and/or "mass layoff" under the WARN Act;

    c. Whether Defendants failed to provide the notices required by the WARN Act 29 U.S.C. § 2102(b);

    d. Whether Defendants can avail themselves of any provisions of the WARN Act permitting lesser periods of notice;

    e. The appropriated formulae to measure damages under the WARN Act 29 U.S.C. § 2104(a); and

    f. The appropriate definitions of formulae to measure payments to potentially offset damages under the WARN Act 29 U.S.C. § 2104(a)(2).

19. The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

20. A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

21. Plaintiffs are affected employees who were terminated by Defendants during the time period of July 2009, August 2009, and September 2009, without the notice required by the WARN Act. They are thereby members of the class. Plaintiffs are committed to pursuing this action and have retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Plaintiffs are adequate representatives of the class and have the same interests as all of its members. Further, Plaintiffs' claims are typical of the claims of all members of the class, and Plaintiffs will fairly and adequately protect the interests of the absent members of the class.

22. Further, class action treatment of this action is authorized and appropriate under the WARN Act 29 U.S.C. § 2104(a)(5), which clearly provides that Plaintiffs seeking to enforce liabilities under the Act may sue either on his or her behalf, for other persons similarly situation, or both.

**COUNT 1**
**Violations of the United States Worker**
**Adjustment and Retraining Notification Act**

23. Plaintiffs reassert and re-alleges the allegations set forth above.

24. At all times material herein, Plaintiffs, and similarly situated persons, have been entitled to the rights, protections and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 *et. seq.*

25. The federal WARN Act regulates the notice an employer must provide to employees who will be terminated due to the employer's closing of a plant or mass layoff, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

26. Defendants were, and are, subject to the notice and back pay requirements of the federal WARN Act because it is a business enterprise that employs 100 or more employees, excluding part-time employees, as defined in the Act. 29 U.S.C. § 2101(1)(A).

27. Defendants willfully violated the federal WARN Act by failing to provide the required notice.

28. Section 2103 of the federal WARN Act exempts certain employers from the notice requirements of the Act. 29 U.S.C. § 2103(1)-(2).  None of the federal WARN Act exemptions apply to Defendants.  Accordingly, Plaintiffs and class members must receive the notice and back pay required by the Act. 29 U.S.C. §§ 2102 and 2104.

29. Plaintiffs and all similarly situated employees have been damaged by Defendants' conduct constituting violations of the federal WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violations because Defendants have not acted in good faith nor with reasonable grounds to believe its acts and omissions were not a violation of the Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, and all similarly situated employees, demand judgment against Defendants and pray for:

(a) an order certifying that the action may be maintained as a class action under Federal Rule of Civil Procedure 23;

(b) designation of B. Adam Terrell and Tommy L. Yeates as the representatives of the class, and counsel of record as Class Counsel;

(c) compensatory damages in an amount equal to at least the amounts provided by the WARN Act. 29 U.S.C. § 2104(a);

(d) reasonable attorneys' fees, costs and disbursements as allowed by the WARN Act 20 U.S.C. § 2104(1)(6); and

(e) such other relief as the Court deems fair and equitable.

Respectfully submitted,

**MOORE LANDREY, LLP**

By: /s/ Tommy L. Yeates
TOMMY YEATES
Texas Bar No. 22151100
390 Park Street, Suite 500
Beaumont, TX 77701
Phone: 409-835-3891
Fax:    409-835-2707

**WELLER, GREEN, TOUPS & TERRELL, LLP**
B. ADAM TERRELL
Texas Bar No. 19790900
Post Office Box 350
Beaumont, TX 77704-0350
Phone: 409- 838-0101
Fax:    409- 832-2940

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been served upon all counsel of record in this cause and all other parties entitled to same via efile in accordance with the Federal Rules of Civil Procedure on this 20th day of April, 2012.

/s/    B. Adam Terrell
B. ADAM TERRELL